# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LEONARD C. GILMORE,

                Petitioner,     :     Case No. 3:16-cv-240

                                    District Judge Walter Herbert Rice
- vs -                            Magistrate Judge Michael R. Merz

MONTGOMERY COUNTY
 COMMON PLEAS COURT,

                Respondent.     :

## REPORT AND RECOMMENDATIONS

      Petitioner Leonard Gilmore brought this case seeking a writ of error coram nobis to overturn his conviction in State v. Gilmore, Case No. CR85-2406 in the Montgomery County Common Pleas Court. As with all post-judgment collateral attacks of criminal judgments, it has been referred to the undersigned under the Dayton General Order of Assignment and Reference (General Order Day 13-01).

      The writ of error coram nobis is used to correct past convictions where the convicted person is no longer in custody. (Since Mr. Gilmore filed this action in person at the Clerk's Office and the conviction is so old, the Court assumes he no longer is on parole.) Coram nobis can be used by a federal court to re-examine an old federal conviction for a person no longer in custody. Although the writ of error *coram nobis* was abolished in federal practice by adoption of

1

Rule 60 of the Federal Rules of Civil Procedure in 1938, it was resurrected by the Supreme Court in 1954 under the All Writs Act, 28 U.S.C. § 1651. *United States v. Morgan,* 346 U.S. 502(1954). *Coram nobis* is not available to persons still in custody, *United States v. Johnson,* 237 F.3d 751 (6th Cir. 2001), and *United States v. Monus*, 356 F.3d 714 (6th Cir. 2004).

If Mr. Gilmore were still in custody on his old Ohio conviction, this Court would have jurisdiction under 28 U.S.C. § 2241 and 2254. However, federal courts have no jurisdiction in coram nobis over state court judgments. . *Lowery v. McCaughtry,* 954 F.2d 422 (7th Cir. 1992); *Theriault v. State of Mississippi*, 390 F.2d 657 (5th Cir. 1968); *Benson v. State Board of Parole & Probation*, 384 F.2d 238 (9th Cir. 1967); *Thomas v. Cunningham,* 335 F.2d 67 (4th Cir. 1964); *Rivenburgh v. State of Utah*, 299 F.2d 842 (10th Cir. 1962). The reason is the history of the writ. As Judge Easterbrook explained in *Lowery, supra:*

> Coram nobis arose as a device to extend the period (originally limited to the term of court) in which the judge who rendered a decision could reexamine his handiwork. ... Lowery's counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court.

954 F.2d at 423.

**Conclusion**

Because this Court has no subject matter jurisdiction to consider Mr. Gilmore's case, it is respectfully recommended that the case be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Because reasonable jurists would not disagree with this conclusion, the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

2

June 15, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).